IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Betty Jean Murphy,            )
                              )
            Plaintiff,        )
                              )
      v.                      )      1:05CV999
                              )
Carnella Murphy Andrews, et al., )
                              )
            Defendants.       )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Betty Jean Murphy, has submitted a pro se complaint under 42 U.S.C. § 1983 and requested that she be permitted to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Plaintiff names as defendants two relatives whom she alleges have caused her injury and damages as a result of their operation of a coin laundry that plaintiff once owned or perhaps still does own. Plaintiff seeks damages and other forms of relief.

Plaintiff seeks to proceed as a pauper. Therefore, the court must examine the complaint to see whether it fails to state a claim upon which relief may be granted, seeks monetary relief from a defendant who is immune from such relief, or is frivolous or malicious. 28 U.S.C. § 1915A. For frivolous or malicious review, the court looks to see whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319 (1989). A plaintiff fails to state a claim when it appears certain that plaintiff cannot prove any set of facts which would entitle him or her to relief. The court must accept all well-pled allegations and review the complaint in a light most favorable to plaintiff. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Facts must be alleged with specificity. White v. White, 886 F.2d 721 (4th Cir. 1989). The court may anticipate affirmative defenses which are clear on the face of the complaint. Todd v. Baskerville, 712

F.2d 70 (4th Cir. 1983); Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 954 (4th Cir. 1995) (en banc) (court may apply common sense and reject fantastic allegations and/or rebut them with judicially noticed facts). The court may dismiss a complaint under 28 U.S.C. § 1915A even though plaintiff has not exhausted state administrative remedies.

Plaintiff names two private citizens as the only defendants. However, private citizens do not act "under color of" state law and are, therefore, not amenable to suit under section 1983. See Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (privately retained counsel does not act under color of state law thus not amenable to suit). For this reason, plaintiff cannot pursue this claim via section 1983 and, if she has a remedy against these defendants she must find it under the appropriate state law.

Plaintiff is therefore not entitled to further proceed as a pauper. Plaintiff's request to proceed in forma pauperis should therefore not be countenanced, with the exception that in forma pauperis status shall be granted for the sole purpose of entering this order and recommendation.

Plaintiff has submitted a complaint for filing, however, and, notwithstanding the above determination, Section 1915(b)(1) requires that an initial payment of $10.00 be made. Plaintiff must also agree that her funds be withheld until the full filing fee is paid. Failure to comply with this Order will lead to dismissal of the complaint.

**IT IS THEREFORE ORDERED** that in forma pauperis status be granted for the sole purpose of entering this Order and Recommendation.

**IT IS FURTHER ORDERED** that within twenty (20) days from the date of this Order plaintiff make an initial filing fee payment of $10.00 and return the Consent to Collection form. Failure to comply with this Order will lead to dismissal of the complaint.

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for being frivolous or malicious or for failing to state a claim upon which relief may be granted.

_____/s/ Wallace W. Dixon_____
**Wallace W. Dixon, U.S. Magistrate Judge**

November 29, 2005

ptf-ct1.frm
Section 1983-2/98

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Betty Jean Murphy, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:05CV999 |
| ) | |
| Carnella Murphy Andrews, et al., ) | |
| ) | |
| Defendants. ) | |

## CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

I, _____, prison number _____, hereby consent:

1. for the appropriate prison officials to collect or set aside from my account on a continuing basis each month, starting the month after this action was filed, an amount equal to 20% of each month's income or deposits for the payment of filing fees and costs of this action;
2. that collection shall continue even after my case is dismissed or otherwise decided until the full filing fee and any assessed costs are paid;
3. that I may not withdraw or use any part of these 20% monthly set asides except to pay the court;
4. that the court will order the Trust Officer (or similarly designated official) to forward payments to the Clerk's Office, U.S. District Court, Post Office Box 2708, Greensboro, North Carolina 27402, until such time as the $250.00 filing fee and any assessed costs are paid in full; and
5. that I understand that <u>any violation</u> or noncompliance by me with the terms of this Consent shall result in the dismissal of the above entitled action with prejudice.

Date: _____     Plaintiff's signature: _____